# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60772
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2017

Lyle W. Cayce
Clerk

ROMAN MATEO-ZEFERINO, also known as Roman Zeferino-Mateo,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 896 903

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Roman Mateo-Zeferino, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his applications for withholding of removal and protection under the Convention Against Torture (CAT). He contends the BIA erred in ruling he was ineligible for relief.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60772

In 2009, Mateo received a notice to appear, stating he was subject to removal, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), after being arrested in New Orleans. In 2011, he filed his initial application for withholding of removal, contending he feared persecution in Mexico. He asserts members of another family have been persecuting his family in retribution for murders in 1999 of members of that other family. Mateo was convicted of those murders, but the conviction was vacated on appeal. His application for withholding of removal was denied, along with two subsequent requests for relief after successful motions to reopen.

A determination an alien is not eligible for relief is reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Although this court generally reviews only the BIA's decision, because the BIA agreed with the IJ's conclusions concerning Mateo's eligibility for relief, both the BIA's and IJ's decisions are reviewable. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial evidence standard, "this court may not reverse the BIA's factual findings unless the evidence compels it." *Id.* at 536–37. Mateo must demonstrate the evidence is "so compelling that no reasonable factfinder could conclude against it". *Id.* at 537.

Mateo maintains he was persecuted due to, and had a well-founded fear of persecution on account of, his membership in a particular social group, his family. He is eligible for withholding of removal if he meets his burden to show his "life or freedom would be threatened . . . because of [his] . . . membership in a particular social group". 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b).

The evidence does not compel a finding he was persecuted, or likely would be persecuted, due to his membership in a particular social group. *Wang*, 569 F.3d at 537. Even if his family had the required social visibility and particularity to be a cognizable particular social group, *Orellana-Monson v.*

2

No. 16-60772

*Holder*, 685 F.3d 511, 518–19 (5th Cir. 2012), there is no indication membership in his family is a "central reason" he was, or will be, persecuted. *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).  Rather, the record reflects any persecution Mateo might face is caused by a personal motive:  the desire for revenge against Mateo.  Aliens targeted for "purely personal reasons", such as revenge, do not state a basis for relief.  *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004); *Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004).

In addition, the BIA correctly ruled that, under the circumstances, it would be reasonable for Mateo to relocate within Mexico to avoid harm. *Eduard*, 379 F.3d at 189, 193–94; 8 C.F.R. § 1208.16(b)(2).  Most of the alleged persecution occurred in San Juan Zapotitlan, the small village where the murders occurred.  After Mateo's conviction for the murders was reversed on appeal, he lived in Oaxaca, a large city five hours away, for four years.  In addition, six of his children live and work in Mexico City.

Mateo also asserts the BIA wrongfully withheld relief under CAT; but, in his appeal to the BIA he did not seek CAT protection.  Accordingly, he did not exhaust his administrative remedies with respect to the claim, *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001), and we, therefore, lack jurisdiction to consider the issue.  8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

DISMISSED IN PART AND DENIED IN PART.